UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KURT Z. STACK o/b/o JOHN DOE,　　　　:
　　　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　:　　　C.A. No. 20-350WES
　　　　　　　　　　　　　　　　　　:
THE TOWN OF LINCOLN HOUSING　　　　:
AUTHORITY, et al.,　　　　　　　　　:
　　　　　　Defendants.　　　　　　　:

**ORDER REGARDING CONTINGENT AND LIMITED
APPOINTMENT OF COUNSEL IN CIVIL CASE**

This case arises under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*. ("FHA"); the

Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"); and the Individuals with

Disabilities in Education Act, 20 U.S.C. §§ 1400, *et seq.* ("IDEA").  Now pending before the

Court is the second[1] motion of the indigent *pro se* Plaintiff, Kurt Z. Stack,[2] for appointment of an

attorney from the Court's *pro bono* panel based on his inability to prosecute the claim himself

because of "overwhelming Physical, Psychological, Emotional, and Financial hardships."  ECF

No. 15 at 1.  This motion for counsel is supported by a copy of a letter from a treating

psychiatrist who represents that Plaintiff would "greatly benefit [in terms of physical and mental

---

[1] Plaintiff's first motion for counsel was denied without prejudice as premature because it had been filed before Plaintiff had taken the steps to serve Defendants.  Indeed, this case was almost dismissed due to confusion regarding Plaintiff's apparent failure to fill in the summonses and return them to the Court.

[2] Plaintiff also purports to bring this action on behalf of "John Doe," whom the Court understands from Plaintiff's presentation at the hearing to be his allegedly disabled son, a minor who is now approximately thirteen years of age. Pursuant to Local Rule Gen 205(a)(2), Plaintiff cannot sue for his child.  Only an attorney may file and prosecute such an action.  Jacobowitz v. YMCA of Greater Providence Bayside YMCA Branch, C.A. No. 15-345 S, 2016 WL 1259397, at *1 (D.R.I. Mar. 30, 2016) (well established that parent cannot bring *pro se* lawsuit on behalf of child but noting that courts have made exceptions in IDEA cases and Social Security benefit cases).  The Court has considered the inability of John Doe to access the Court (for what would appear to be at least two of the three counts in the current complaint) unless represented by counsel in its treatment of Plaintiff's motion for counsel.

health] from appointment of counsel." Id. at 3.  The second motion for counsel is referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A).[3]

Soon after the second motion for counsel was filed, Defendants[4] Town of Lincoln Housing Authority ("LHA"), Claudette Kuligowski, Jessica Migneault and Keith Fortier, appeared and filed a motion to dismiss (also referred to me) that challenges both the viability of Plaintiff's claims as a matter of law and the plausibility of his extremely skimpy pleading. Plaintiff's time to respond to the motion to dismiss has been continued so that the Court can address his motion for counsel.

On April 29, 2021, I conducted a telephonic hearing on the motion for counsel.  During the hearing, I advised Plaintiff that his complaint is so vague that it is impossible to ascertain what he is alleging; for that reason, it is at risk of dismissal when the Court takes up the pending motion to dismiss.  In response, Plaintiff explained his claim, informing the Court that he is a disabled person who had had a small, subsidized apartment in a facility operated by LHA and that, when his disabled son came to live with him, LHA denied his request for a larger unit ostensibly due to unavailability, but actually due to LHA's refusal allow children to reside in the facility.  To buttress his allegation of discrimination against families with children, Plaintiff represented that no children reside in most of LHA's several hundred apartment units and that LHA has only six family units.  To address this situation, Plaintiff explained that he engaged and

---

[3] Mindful of the Court's obligation to read *pro se* filings with leniency, I have scrutinized Plaintiff's filings searching them for what might be potentially a claim.  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014).

[4] Defendant Christine Medici is no longer employed by Lincoln Housing Authority and has not been served. Therefore, she is not joined in the case.

was represented by an attorney, who is well experienced in handling civil rights matters[5]; with the assistance of her counsel, he pressed a claim before the Rhode Island Human Rights Commission ("RIHRC") and defended two eviction proceedings.  Because he is not pleased either with the results or with the attorney's services, he does not want to continue with representation by this attorney.[6]  Plaintiff also advised the Court that his case was rejected by Rhode Island Legal Services because he was found to be financially ineligible.  Meanwhile, to avoid eviction by LHA and to keep his son in the Lincoln public schools, Plaintiff moved into a private apartment unit where he now lives with his son who continues to attend school in Lincoln.  Plaintiff stated that, after much "pain" in dealing with LHA and in moving out of his unit, he has "peace" where he is now and is no longer interested in seeking housing in a subsidized unit in Lincoln or anywhere else.

Defendants supplemented Plaintiff's hearing representations by advising the Court that the RIHRC made a no-probable cause finding because LHA was unaware of Plaintiff's disabled son when it rejected his request for a larger unit.  In rebuttal, Plaintiff conceded that initially he had lied about his son's presence in his unit but that, later in the proceedings, he told the truth.  Further, Defendants advised the Court that, with assistance of counsel, Plaintiff entered into an agreement to resolve the two eviction proceedings by allowing him time to move out in an orderly way over the course of several months.  Regarding the motion for counsel, Defendants indicated that they do not object and would welcome an appointed attorney, although they

---

[5] In 2019, Plaintiff's prior attorney, Sonja L. Deyoe, was named by Rhode Island Lawyer's Weekly as a "Lawyer of the Year" for her work in the area of civil rights.  Rhode Island Lawyers Weekly Excellence in the Law 2019, https://rilawyersweekly.com/files/2019/04/RILW-Excellence-19-WEB.pdf (last visited on May 12, 2021).

[6] Plaintiff also represented that his prior attorney asked for a modest retainer to continue the engagement, which he declined to pay.

acknowledged that the Court cannot appoint counsel for Plaintiff as a convenience for Defendants.

At the end of the hearing, the Court directed Plaintiff to inquire of Rhode Island Legal Services (in light of its strong expertise in housing law) again whether it would accept the engagement.  As of this writing, Plaintiff has not informed the Court whether he has complied with that directive nor has any attorney entered the case on his behalf.

It is well-settled that there is no constitutional right to free counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  Further, there is no funding mechanism for appointed counsel in civil cases; therefore, the matter is subject to the district court's broad discretion, to be exercised in light of the difficulties in rationing the precious resource of volunteer lawyer services.  Sai v. Transp. Sec. Admin., 843 F.3d 33, 35 (1st Cir. 2016) (per curiam); Buzon v. Forgue, C.A. No. 19-212WES, 2019 WL 2474123, at *2 (D.R.I. June 13, 2019).  Rather, "[t]o qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights."  Choksi v. Trivedi, 248 F. Supp. 3d 324, 328 (D. Mass. 2017) (citing DesRosiers, 949 F.2d at 23).  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, "a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."  DesRosiers, 949 F.2d at 24.

Focusing first on the last of the three DesRosiers factors, the Court finds that Plaintiff's ability to represent himself appears to be somewhat impaired, although he was articulate during the hearing when challenged to explain what his claim is about.  However, the Court finds that Plaintiff's son, as a minor, is unable to self-represent; therefore, if the son's claim has merit and

is complex, his circumstances could amount to an exceptional circumstance justifying appointment of counsel.  Nevertheless, in considering this factor, the Court may also consider whether a claimant has made reasonable efforts to engage counsel on his own, Farr v. Staat, Case No. 17-CV-1341-JPS, 2019 WL 3802655, at *3 (E.D. Wis. Aug. 13, 2019), appeal dismissed, No. 19-2642, 2019 WL 8054948 (7th Cir. Dec. 11, 2019), as well as assess whether the reason for the difficulty in finding an attorney is because it is "a meritless case that no lawyer would take were the plaintiff not indigent."  Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).  In so doing, the Court is troubled that Plaintiff and his son were able to find counsel on their own but have parted ways with that lawyer because of dissatisfaction with the result of the representation.  The Court is also troubled by Plaintiff's representation that Rhode Island Legal Services declined the engagement because of financial eligibility despite its usual aggressive advocacy to remediate FHA violations.  E.g., Armstrong v. Moroe, C.A. No. 17-111 S, 2017 WL 3447896, at *2 (D.R.I. Aug. 11, 2017) (plaintiff obtained legal assistance in 2016 from Rhode Island Legal Services in connection with a "grievance hearing at the Woonsocket Housing Authority") (internal quotation marks omitted); Brown v. W. Warwick Hous. Auth., C.A. No. 15-437 S, 2016 WL 3248252, at *2 (D.R.I. June 10, 2016) (FHA claim based on discrimination resulting in loss of housing voucher pressed by Rhode Island Legal Services).  Also troubling is that the RIHRC has recently been successful in bringing FHA litigation against a housing authority for *de facto* discrimination against families with children (which may be Plaintiff's only potentially viable claim), R.I. Comm'n for Human Rights v. Graul, 120 F. Supp. 3d 110 (D.R.I. 2015), yet it made a no-probable cause finding in Plaintiff's case.

The other sticking point is how to analyze the first two DesRosiers factors – the merits of the case and the complexity of the legal issues that may be presented.  The complaint itself

simply states in conclusory fashion that it is brought pursuant to the FHA, ADA and IDEA based on LHA's refusal to accommodate a child with disabilities by transfer to a larger unit after Plaintiff's son came to live with him.  As pled, it is at serious risk of dismissal because it is utterly lacking in the plausible factual allegations that the United States Supreme Court has deemed essential for a viable claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Based on Plaintiff's representations at the hearing, it is conceivable that he (and/or possibly his son) has a factually meritorious and legally complex claim pursuant to Graul, 120 F. Supp. 3d 110, based on an FHA violation arising from a facially neutral policy implemented in a way that adversely impacted a protected group.  Id. at 119.  Nevertheless, it is impossible for the Court to ascertain if a Graul claim could be pled so as to survive a challenge pursuant to Fed. R. Civ. P. 12(b)(6); nor can the Court ascertain whether some other claim might have merit; nor can the Court assess the complexity of any such other potential claim as DesRosiers mandates.

Based on the foregoing, Plaintiff's motion for counsel to be appointed from the Court's pro bono panel to undertake unlimited representation based on the current version of the complaint must be denied as still premature because it is far from clear that Plaintiff really needs a court-appointed attorney or whether either he or his son has a meritorious and complex claim. See Hanson v. R.I. Dep't of Corr., C. A. No. 17-598WES, 2019 WL 6324653, at *3 (D.R.I. Nov. 25, 2019) (motion for counsel denied because "claims that are pending do not carry enough heft to give rise to circumstances that would justify the appointment of counsel").  Nevertheless, the Rhode Island Supreme Court Rules of Professional Conduct permit limited-purpose engagements, R.I. Sup. Ct. art. V, R. 1.2(d), and the Court's pro bono panel plan contemplates limited-purpose engagements.  Plan For Pro Bono Representation in Civil Cases at VI, https://www.rid.uscourts.gov/sites/rid/files/documents/cvprobono/Pro%20Bono%20Plan%20Fin

al.pdf (last visited May 12, 2021).  Based on Plaintiff's limited ability to represent himself and on his son's lack of ability to self-represent, and despite Plaintiff's failure to comply with the Court's directive to ask Rhode Island Legal Services to reconsider its declination of this engagement, I find that a limited-purpose appointment of a *pro bono* attorney is appropriate, but strictly cabined to exploring whether there is potentially a meritorious claim.

Based on the foregoing, Plaintiff's motion to appoint counsel is granted in part in that the Court finds Plaintiff and his son eligible for counsel from the *pro bono* panel to represent them for a strictly **limited purpose** engagement.  That is, the engagement is for the **limited purpose** of assessing whether either Plaintiff or his son has a viable claim; only if in the professional judgment of the attorney there is such a claim, the appointment shall continue for the **limited purpose** of drafting an amended complaint to state such a claim, filing the amended complaint and handling briefing and argument, should Defendants respond to the amended complaint with a motion to dismiss.  Thereafter, the attorney shall withdraw as appointed *pro bono* counsel, provided that, if the amended complaint is not dismissed, he/she is not prohibited from continuing if counsel and Plaintiff agree that he/she should continue, nor is Plaintiff precluded from engaging other counsel or from making a new motion for appointment of counsel.  This Order is conditioned on the availability and willingness of suitable counsel from the Court's *pro bono* panel to accept this limited-purpose appointment to represent Plaintiff and/or his son on a *pro bono* basis.  Otherwise, the motion for appointment of counsel is denied without prejudice.

While the issue of appointment of counsel remains pending, Plaintiff's obligation to respond to the pending motion to dismiss (ECF No. 16) is hereby extended to June 24, 2021; this aspect of this Order will be memorialized in a Text Order to be entered today.

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 12, 2021